Coös,
June 6, 1916.

## DELIA WILSON *v.* GRAND TRUNK RAILWAY INSURANCE AND PROVIDENT SOCIETY.

A contract of accident insurance between a railroad's employee and an association of which he is a member, providing in effect that one half of the sum insured, for which the railroad paid the premiums, should be forfeited if the employee or his representative brought suit to recover damages from the railroad, is not within the prohibition of the federal employers' liability act, 35 U. S. Stat., *p.* 66, *s.* 5, and is valid.

ASSUMPSIT, to recover $1,000, as beneficiary under a certificate of railway insurance, issued to the plaintiff's son, Philip L. Wilson. The defendant is a corporation chartered under the laws of Canada, independently organized, yet connected with the Grand Trunk Railway. Its membership is confined to the railway's employees, and the railway contributes each half year out of its revenues a sum equal to the total assessments paid by members of the society. The certificate is subject to the by-laws of the society, section 14 of which is as follows:

"In case of injury or death a member, and those claiming by, through, or under him, as the case may be, shall elect to accept the benefits or moneys to which he or they is or are thereby entitled under the Rules of the Society, or to prosecute such claim as he or they may have at law against the Grand Trunk Railway Company of Canada by reason thereof. Should any action be brought in which damages or compensations are sought to be recovered from or against the said Company by reason or on account of the injury or death of any member, all obligations of, and claim against the Society in respect of such injury, or death, shall, except to the extent herein provided, thereupon be forfeited without any declaration or

other act by or on behalf of the Society, and no sum whatever, other than one-half of the amount payable by the Society on account of sick benefits or allowances or on account of such insurance, shall be payable by the Society by reason or on account of such injury or death unless and until such action has been formally withdrawn or dismissed. The Committee of Management, however, may in their discretion, waive such forfeiture.

"In consideration of the subscription of the Grand Trunk Railway Company of Canada to the Society, no moneys shall be payable to a member, or, in case of his death, to any person claiming by, through, or under him by reason or as a result of the injury or death of such member, as the case may be, until valid and sufficient release of all claims against the Grand Trunk Railway Company of Canada, as well as the society arising from or growing out of such injury or death, duly executed by all persons who might legally assert such claims, shall have been delivered to the secretary of the society."

Proof of death was furnished, and payment of $1,000 was refused because the administrator of Wilson's estate had brought suit against the railway to recover damages for causing his death, under the federal employers' liability act.

It was ruled that, if the foregoing by-law was valid, the plaintiff should recover $500, and, if it was invalid, $1,000. The question of the validity of the by-law was transferred from the December term, 1915, of the superior court by *Pike*, C. J.

*Ovide J. Coulombe* (by brief and orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* and *Rich & Marble* (*Mr. Morris* and *Mr. Marble* orally), for the defendant.

PEASLEE, J. The question upon which decision was reserved by the superior court is the validity of the defendant's by-law, which provided, in effect, that the half of the sum insured for which the railway paid the premiums should be forfeited if the employee or his representative brought suit to recover damages from the railway. If this by-law is valid, it bars the action to recover this sum in terms. This is conceded, but the plaintiff claims that the federal statute invalidates the by-law and that, therefore, recovery may be had. The question is one of federal law, but has not been passed upon by the federal court.

The federal employers' liability act provides that "Any contract, rule, regulation, or device whatsoever, the purpose or intent of

which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void." 35 U. S. Stat., *p.* 66, *s.* 5. This provision applies only to the exemption of the interstate carrier from the liability imposed by the act. It does not attempt to regulate contracts between the employee and the insurance company, by the terms of which the insurance is forfeited.

The agreement between the society and the employee of the railway was that, if he or his representative brought suit against the railway, such action would work a forfeiture of the insurance. No good reason appears why the parties might not make such an agreement. The employee still retained all his rights to pursue his remedy against the railway under the federal statute. The right to the insurance was not one created by the statute. It arose from the agreement of the parties; and there is neither justice nor logic in the proposition that the employee or his beneficiary may claim the benefits of the contract and at the same time repudiate its burdens.

If, instead of calling this an insurance contract, it were denominated an agreement for a release of the employee's claim for damages, the case would seem entirely clear. If the society had agreed to pay any injured employee $500 for a release of his claim against the railway, no one would think that payment could be enforced without giving the release stipulated for. The present contract does not differ in substance from the one supposed.

It has been held in another jurisdiction that the act of congress strikes this provision out of the insurance contract, leaving the remainder in full force. *Rodell* v. *Relief Department &c.*, 118 Minn. 449. The language of the statute does not seem to warrant the conclusion reached. The provision that the agreement for exemption from the liability imposed by the act "shall to that extent be void," indicates an intention to carefully limit its application to the relation between the employer and employee as such. If the intent had been otherwise, it is probable the declaration would have been that such provision should be wholly void. Instead of that, a limited invalidity was declared. It is not unlikely that the statute was so drawn because of the question which might otherwise arise of the power of congress to regulate contracts between insurer and insured.

The circumstances under which this statute was enacted strongly tend to show that congress was using every precaution to so frame

the act that it would not be adjudged to be invalid because it undertook to regulate matters beyond congressional control. An earlier employers' liability act had just been declared to be invalid for this reason. *Howard* v. *Ill. Cent. R. R. Co.*, 207 U. S. 463. While the court were divided in opinion as to the meaning of that act, they were practically unanimous in the view that, if broadly construed, it was unconstitutional for the reason above suggested. This particular section is different from the earlier one in several respects, so that the language of the two cannot be compared in detail; but the insertion in the present section of the proviso, that the contract, etc., exempting the carrier from the liability imposed by the act, shall be void "to that extent," is, under the circumstances, highly significant of a congressional intent to limit the invalidity strictly to the subject dealt with.

Unless this provision of the contract amounts to an attempt to abridge the employee's rights under the statute it is not, and could not be, declared void by congress. It is broadly distinguishable from the decided cases wherein the contract for insurance and release were parts of the contract of employment, or those where there was to be a forfeiture, for this cause, of insurance paid for by the employee. The fund here involved was created solely by payments made by the railway.

If the incorporation of the society is to be treated as merely a device of the railway, so that the two corporations are to be treated as one, the plaintiff is no better off. The contract is then no more than an agreement by the railway to pay the beneficiary $500 as a return for the premiums paid by the employee, and also to pay from its own funds an additional $500 if the employee and his representatives refrain from bringing suit. The right to sue is left intact, and congress has not attempted to deal with agreements which stop at that point. To extend this provision of the statute so as to include the transaction here in question would be an attempt "to regulate persons because they engage in interstate commerce," rather than to regulate such commerce. *Howard* v. *Ill. Cent. R. R. Co.*, 207 U. S. 463, 497.

The statute does not apply to this provision of the contract and, therefore, upon the facts that now appear, the plaintiff cannot recover the insurance which was paid for by the railway.

*Judgment for the plaintiff for $500.*

PARSONS, C. J., not being present at the argument, took no part in the decision: the others concurred.